IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00258-WDM-OES

GAIL J. WILKERSON, and
HIGHLAND DESIGN GROUP, INC.,

    Plaintiffs,

v.

SCHIRMER ENGINEERING CORPORATION, and
AON CORPORATION,

    Defendants.

## ORDER ON VARIOUS MOTIONS

Miller, J.

This matter is before me on four motions: (1) a second motion for summary judgment, filed by Defendants Schirmer Engineering Corporation (Schirmer) and Aon Corporation (Aon) on October 11, 2006; (2) a motion to stay pending the outcome of bankruptcy proceedings, filed by Plaintiff Gail Wilkerson (Wilkerson) on October 12, 2006; (3) a motion to hold in abeyance the court's ruling on Schirmer and Aon's second motion for summary judgment, filed on January 24, 2007 by Wilkerson; and (4) a motion for sanctions, filed on December 18, 2006 by Schirmer and Aon. I have reviewed the parties' written arguments and their summary judgment evidence and find that oral argument is not required. For the reasons that follow, the first three motions will be denied, and this case will be administratively closed subject to reopening upon a showing of good cause. In addition, the motion for sanctions will be denied without

prejudice.

## Background

This case was scheduled for trial beginning October 16, 2006 on Wilkerson's claims for disparate treatment and sexual harassment under Title VII, retaliation under Title VII and the ADA, and defamation.  However, just prior to trial, Schirmer and Aon learned that Wilkerson had filed for Chapter 7 bankruptcy during the pendency of this action, yet had failed to disclose this action in her bankruptcy filings.[1]  Therefore, the trial date was continued and Schirmer and Aon were granted leave to file a second motion for summary judgment relating to Wilkerson's bankruptcy.

## Discussion

The parties agree that after Wilkerson filed for bankruptcy, her claims, with the exception of her claim for injunctive relief (reinstatement), became the property of the bankruptcy estate.   As a result, Wilkerson is not permitted to pursue these claims in this court, either because she is not the real party in interest, *see Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (holding that a bankruptcy estate includes "causes of action belonging to the debtor at the commencement of the bankruptcy case"); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 305-308 (holding that the trustee is the real party in interest and has exclusive standing to assert pre-petition claims)*,* or under a judicial

---

[1] Wilkerson's attorneys in this case did not represent her in her bankruptcy proceedings, and claim that they did not know about this failure to disclose prior to Schirmer and Aon bringing it to their attention.  In addition, Wilkerson claims that the omission was inadvertent and that she never intended to mislead either the bankruptcy court or this court.

estoppel theory, *see e.g., Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003). and only the trustee would have standing to pursue them.

Nevertheless, a question remains whether I should simply dismiss Wilkerson's claims, or whether I should stay these proceedings in some fashion to give the bankruptcy trustee an opportunity to intervene. In their second motion for summary judgment, Schirmer and Aon argue for dismissal. In contrast, both of Wilkerson's motions ask for a stay.

Some courts reason that in this situation dismissal is necessary to protect the integrity of the bankruptcy process, *see Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them."), or when a plaintiff has had plenty of time to re-open her bankruptcy estate but has failed to do so, *see Bexley v. Dillon Cos.*, No. 04-cv-01661, 2006 WL 758474, at *3-4 (D. Colo. March 23, 2006) (reasoning that this factor along with the speculative nature of creditors' recovery warranted dismissal); *Minne v. Hinkhouse*, No. 05-cv-00325, 2006 WL 467947, at *2 (D. Colo. March 23, 2006) (reasoning that this factor alone warranted dismissal). In contrast, other courts have held that the better alternative is a stay to allow for the possibility of trustee intervention. *See An-Tze Cheng v. K & S Diversified Invs. Inc.*, 308 B.R. 448, 460 (B.A.P. 9th Cir. 2004) ("The fashioning of a judicial estoppel remedy in bankruptcy requires vigilance to the possibility that what looks like a two-party dispute may be

3

complicated by the effect that the result will have on [creditors]."); *Wieburg*, 272 F.3d at 305-309 (holding that trial court abused discretion by dismissing action and failing to explain why a stay allowing for trustee intervention was not the more appropriate alternative); *see also* Fed. R. Civ. P. 17(a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest").

Having carefully considered the alternatives, I am persuaded by the reasoning of those courts who have concluded that in consideration of creditors' interests, a stay of some kind is preferable to dismissal. In general, even in cases where the trustee sees little to gain from pursuing the lawsuit, the creditors may benefit from an agreement with the original plaintiff, who will often have a more favorable view of her case. Further, a stay has the additional benefit of allowing the case to be decided upon the merits.

However, rather than staying this case, I will administratively close this action pursuant to D.C.COLO.LCivR 41.2, subject to re-opening for good cause. In this case, if Wilkerson's bankruptcy estate is re-opened, and the trustee either decides to intervene or to assign the claims against American Bankers back to Wilkerson, such actions would likely give rise to good cause.

Further, any sanctions issue should await resolution of the trustee's decision, and I will therefore deny the pending motion without prejudice.

Accordingly, it is ordered:

1. Defendants' second motion for summary judgment, filed October 11, 2006 (Docket No. 141), is denied.

2. Plaintiff's motion to stay pending the outcome of bankruptcy proceedings, filed October 12, 2006 (Docket No. 144), is denied.

3. Plaintiff's motion to hold in abeyance the court's ruling, filed January 24, 2007 (Docket No. 154), is denied.

4. This case is administratively closed pursuant to D.C.COLO.LCivR 41.2, but may be reopened upon any party filing a motion to reopen, on or before September 15, 2007. If no motion to reopen, or motion to extend the deadline is filed by that date, this case shall be dismissed without prejudice without further notice.

5. Defendants' motion for sanctions, filed December 18, 2006 (Docket No. 151), is denied without prejudice.

DATED at Denver, Colorado, on March 14, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge