IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 04-cv-00258-WDM-MEH

GAIL J. WILKERSON and
HIGHLANDS DESIGN GROUP, INC.,

    Plaintiffs,

v.

SCHIRMER ENGINEERING CORPORATION, a Delaware Corporation, and
AON CORPORATION, a Delaware Corporation,

    Defendants.

## ORDER ON MOTION TO REOPEN

Miller, J.

This matter is before me on Plaintiff's Fourth Motion to Extend Deadline to Reopen (Docket No. 176) (the "motion to extend"), filed December 17, 2008, and Plaintiff's Motion to Reopen (Docket No. 179) (the "motion to reopen"), filed January 20, 2009. Defendants object to both motions (Docket Nos. 177, 180). For the reasons that follow, both motions shall be granted.

Background

In February 2004 Plaintiff filed this discrimination action against Defendants alleging disparate treatment and sexual harassment under Title VII, retaliation under Title VII and the American's with Disabilities Act, and defamation. Prior to trial, however, Defendants discovered that Plaintiff had filed for Chapter 7 bankruptcy protection during the pendency of this action. Therefore, I administratively closed the

action, subject to reopening for good cause on or before September 15, 2007. (*See* Docket No. 160.) I expressly stated that "good cause" would likely result if the bankruptcy case was reopened and the bankruptcy trustee either decided to intervene or assign the claims to Plaintiff. *See id.* After a few extensions of the deadline the reopen, the current deadline stands at December 17, 2008. (*See* Docket No. 175.)

Discussion

In the motion to extend, Plaintiff seeks an extension of the deadline to reopen to January 19, 2009. She represents that the bankruptcy court issued its ruling on November 26, 2008 denying Plaintiff's motion to amend her bankruptcy schedules to list this civil action and, therefore, denying Plaintiff's claim of exemption. The bankruptcy court ordered the trustee to administer this civil case for the benefit of the estate. Plaintiff represents that she has attempted to contact the bankruptcy trustee to determined the best process for administering this case, but that they have been unable to meet. Therefore, she requests a one-month extension of the deadline to reopen the case. Subsequently, on January 20, 2009[1] Plaintiff moved to reopen the case (Docket No. 179). Plaintiff asserts that although the bankruptcy trustee is the real party in interest with respect to Plaintiff's monetary claims, Plaintiff remains a party in interest with respect to the reinstatement claim. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003) (determining that judicial estoppel did not prohibit the plaintiff from pursuing any injunctive claims even though it did preclude pursuit of

---

[1] Should the motion to extend be granted, the motion to reopen would be timely. Although Plaintiff's motion to extend seeks an extension only to January 19, 2009, because January 19, 2009 was a federal holiday, the deadline would be the following day, January 20, 2009. *See* Fed. R. Civ. P. 6(a).

monetary claims); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) (same).

Defendants responded to both the motion to extend and the motion to reopen arguing that because the bankruptcy court determined that the lawsuit was the property of the estate, Plaintiff is no longer the real party in interest in the case and, therefore, cannot pursue the case by moving to extend the deadline to reopen or moving to reopen the case. They argue that Plaintiff's case citations are not relevant to their objection because the issue of judicial estoppel is not before the court at this time. Rather, the only issue is "whether Wilkerson has standing to bring the current motion[s]" (Docket No. 177 at 4.) They state that they have no objection to extending the deadline to February 27, 2009 to allow the trustee an opportunity to reopen and intervene.

The relevant issue in this case is who is the real party in interest able to pursue the claims in this Court including moving for an extension of the deadline and moving to reopen the case.[2] Fed. R. Civ. P. 17(a) requires that every action "be prosecuted in the name of the real party in interest." When a plaintiff to an action files bankruptcy, the cause of action becomes the property of the bankruptcy estate and the bankruptcy trustee becomes the real party in interest with authority to pursue the claim. *See*

---

[2] The issue is not one of Article III standing. *See Barger*, 348 F.3d at 1292 (determining that the issue was not one of standing but rather "who can litigate the claim, [the plaintiff] or the Trustee"). Standing requires that a plaintiff demonstrate "(1) an injury in fact; (2) a causal connection between the injury and the challenged act; and (3) a likelihood that the injury will be redressed by a favorable decision." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1115 (10th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). As the issue of who is able to pursue the Plaintiff's claims in this court has no relation to the establishment of these three elements, the issue is not one of standing.

*Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (citing 11 U.S.C. § 541(a)); *accord Riggs v. Aetna Life Ins. Co.*, 188 F. App'x 659, 663 (10th Cir. 2006) (unpublished)[3] (upholding district court's dismissal of an action because the bankruptcy trustee had already disposed of the plaintiff's claims). There is, however, authority indicating that a plaintiff's cause of action for injunctive relief does not become the property of the bankruptcy estate and, therefore, the plaintiff remains the real party in interest for that claim. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1273 n.4 (11th Cir. 2004) (noting that the debtor would remain a plaintiff in the cause of action with respect to a claim for injunctive relief); *see Barger*, 348 F.3d at 1297 (determining that judicial estoppel did not bar a plaintiff from pursuing injunctive claims even though it barred pursuit of monetary claims); *Burnes*, 291 F.3d at 1288 (same); *EEOC v. Outback Steak House of Fla., Inc.*, 2008 WL 3992171, at *3 (D. Colo. Aug. 20, 2008) (unpublished) (citing *Barger*, 348 F.3d at 1297) (clarifying that the order granting the defendants' motion to dismiss because the bankruptcy trustee was the real party in interest only dismissed the monetary claims and did not dismiss the injunctive claims as the plaintiff/debtor remained the real party in interest for those claims). In this case, as Plaintiff included a claim for reinstatement in her complaint, I conclude that Plaintiff remains a real party in interest in the case with authority to pursue her claim for injunctive relief. Therefore, as they were timely filed and there is good cause to reopen, namely pursuit of the claims, Plaintiff's motion to extend and her motion to reopen shall

---

[3] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

be granted.

I further note that Fed. R. Civ. P. 17(a) provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Although not technically a dismissal for failure to prosecute, denial of Plaintiff's motion to extend and motion to reopen would result in dismissal without prejudice of the entire cause of action pursuant to the order administratively closing the case. Given Rule 17(a)'s instruction to allow time for a real party in interest to join the case, I conclude that dismissal of the action based on the bankruptcy trustee's failure to move to reopen is inappropriate. Therefore, I conclude that the bankruptcy trustee should be afforded additional time in which to intervene. I note that Plaintiff's prosecution of the injunctive claims may impact the monetary claims and, therefore, the interests of Plaintiff's creditors. A further opportunity for the bankruptcy trustee to intervene will protect the interests of Plaintiff's creditors and provide the requisite time to join or substitute called for by Rule 17(a). Therefore, even though the deadline to reopen (even when extended on Plaintiff's motion) has passed, it is appropriate to provide the bankruptcy trustee further opportunity to intervene in the case and pursue the monetary claims.

Accordingly, it is ordered:

1. Plaintiff's Fourth Motion to Extend Deadline to Reopen (Docket No. 176) is granted.
2. Plaintiff's Motion to Reopen (Docket No. 179) is granted.
3. This case is reopened.

4. The bankruptcy trustee has until February 27, 2009 in which to move to intervene in this case with respect to the monetary claims. If no action is taken by that date, the monetary claims shall be dismissed without prejudice without further notice to any party.

DATED at Denver, Colorado, on January 28, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge