IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00258-WDM-MEH

GAIL J. WILKERSON and
HIGHLANDS DESIGN GROUP, INC.,

    Plaintiffs,

v.

SCHIRMER ENGINEERING CORPORATION, a Delaware corporation, and
AON CORPORATION, a Delaware corporation,

    Defendants.

---

### RECOMMENDATION ON MOTION TO INTERVENE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to Intervene filed by Bankruptcy Trustee, David E. Lewis [docket #184]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.	Background**

Plaintiffs initiated this action on February 11, 2004 alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act ("ADA"), and other state law claims. On January 30, 2006, Judge Miller granted summary judgment as to certain of Plaintiffs' ADA and state law claims, but allowed Plaintiffs' claims for retaliation, disparate treatment, sexual harassment and defamation to proceed to trial. Docket #88. However, prior to trial, Defendants discovered that Plaintiff Wilkerson filed for Chapter 7 bankruptcy in October 2005 during the pendency of the action; consequently, on March 15, 2007, Judge Miller administratively closed the case subject to re-opening for good cause. Docket #160. The Court determined that if Wilkerson's bankruptcy estate is re-opened and the trustee either decides to intervene or to assign the claims against the Defendants back to Wilkerson, such actions would likely give rise to good cause. *Id.*

After several extensions of time, Plaintiff Wilkerson[2] moved to reopen the case on January 20, 2009, which the District Court granted. Docket #181. In so doing, Judge Miller concluded that Wilkerson remains a real party in interest in the case with authority to pursue her claim for injunctive relief against Defendants. *Id.* at 4. In addition, pursuant to Fed. R. Civ. P. 17(a), Judge Miller permitted the bankruptcy trustee to move to intervene on or before February 27, 2009, in order to pursue the monetary claims. *Id.* at 5.

On February 24, 2009, David E. Lewis, Bankruptcy Trustee, filed the within partially unopposed motion seeking not only intervention, but also to be "substituted as the party plaintiff." Docket #184 at 4. This Court ordered expedited briefing on the motion requiring any party to file

---

[2]In certain documents filed by the parties and the Court since September 2007, Plaintiff Highlands Design Group, Inc. is dropped from the caption; however, there is no indication from the record that the party has been dismissed from the case.

a response on or before March 9, 2009, and the trustee to file a reply to the response on or before March 16, 2009. The Plaintiff timely filed her response to the motion, but the trustee did not file a reply. In essence, Plaintiff does not oppose the trustee's intervention as an additional plaintiff in this case, but opposes the trustee's request to be substituted for the party Plaintiff.

**II.     Discussion**

Rule 24 of the Federal Rules of Civil Procedure governs intervention in federal cases. Under Rule 24(a), the court must permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (2008). To intervene as a matter of right pursuant to Rule 24(a), the movant must demonstrate that a party to the litigation cannot represent his interest adequately, and that the disposition of the action without the movant will impair the movant's ability to protects his interest. *See City of Stilwell v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1042 (10th Cir. 1996) (citing *Kiamichi R.R. Co. v. National Mediation Bd.,* 986 F.2d 1341, 1345 (10th Cir. 1993)). A movant seeking to intervene as a matter of right "must show it has an interest in the proceedings which is 'direct, substantial, and legally protectable.'" *Id.* (citing *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993).

Although Mr. Lewis does not specify whether he seeks to intervene as a matter of right pursuant to Rule 24(a) or upon permission by the Court pursuant to Rule 24(b), this Court recommends finding that intervention as a matter of right is appropriate here. The District Court has already held that the Trustee is a party in interest who may pursue the monetary claims in this action. Therefore, the Trustee's intervention is necessary to protect its interests as a plaintiff in this case. *See, e.g., Solano v. American Bankers Ins. Co. of Fla.*, Civil Action No. 05-cv-01510-WDM-MJW,

2008 WL 961567, *2 (D. Colo. Apr. 8, 2008) (unpublished) (finding intervention as a matter of right where the bankruptcy trustee had standing to pursue claims). Moreover, the Trustee's interest here is direct, substantial and legally protectable, since the Trustee is the only real party in interest to pursue the monetary claims brought against the Defendants. *See id.* Consequently, this Court recommends finding that Mr. Lewis may intervene as a Plaintiff in this action as a matter of right.

With respect to Mr. Lewis' request that he be substituted as the party plaintiff in this case, the Court recommends denying such request. The District Court has already concluded that Plaintiff Wilkerson is a real party in interest who may pursue her claim for injunctive relief. *See* docket #181. Moreover, the Court agrees with Plaintiff that it is unlikely neither the Trustee nor the bankruptcy creditors have any interest in Plaintiff's claim for reinstatement of employment. Substituting Mr. Lewis for Ms. Wilkerson would deny the Plaintiff her right to pursue such claim.

Therefore, this Court recommends granting Mr. Lewis' request to intervene as a Plaintiff in this matter for the purpose of pursuing the monetary claims brought against Defendants, and recommends denying Mr. Lewis' request to be substituted as the party plaintiff in this action.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that the Motion to Intervene filed by Bankruptcy Trustee, David E. Lewis [filed February 24, 2009; docket #184] be **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado this 17th day of March, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge