IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  04-cv-00258-WDM-MEH

GAIL J. WILKERSON and
HIGHLANDS DESIGN GROUP, INC.,

      Plaintiffs,

v.

SCHIRMER ENGINEERING CORPORATION, a Delaware Corporation, and
AON CORPORATION, a Delaware Corporation,

      Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
AND MOTION TO DISMISS**

---

Miller, J.

This matter is before me on (1) the recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 188), filed December 17, 2008, that the Bankruptcy Trustee's Motion to Intervene (Docket No. 184) be granted in part and denied in part and (2) the Bankruptcy Trustee's Motion to Dismiss (Docket No. 196).  The Trustee and Defendants filed timely objections to the recommendation (Docket No. 189) and, therefore, are entitled to *de novo* review of the portions of the recommendation to which objection was made.  28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, Magistrate Judge Hegarty's recommendation shall be accepted, the motion to intervene shall be granted

in part and denied in part, and the motion to dismiss shall be granted in part and denied in part.

## Background

In February 2004 Plaintiff filed this discrimination action against Defendants alleging disparate treatment and sexual harassment under Title VII, retaliation under Title VII and the American's with Disabilities Act, and defamation. Based on Plaintiff's filing for Chapter 7 bankruptcy protection during the pendency of this action, I administratively closed the action, subject to reopening for good cause. (*See* Docket No. 160.) After obtaining several extensions of the deadline to reopen, Plaintiff moved to reopen on January 20, 2009 (Docket No. 179). She argued that although the bankruptcy trustee (the "Trustee") is the real party in interest with respect to the monetary claims, she remains a party in interest with respect to the reinstatement claim. Defendants opposed the motion to reopen arguing that because the bankruptcy court determined that the "lawsuit" was the property of the estate, Plaintiff is no longer a real party in interest in the case.

By order dated January 28, 2009 (Docket No. 181), I permitted to Plaintiff to reopen the case concluding that she remained the real party in interest with respect to her claim for reinstatement. Generally "[w]hen a plaintiff to an action files bankruptcy, the cause of action becomes the property of the bankruptcy estate and the bankruptcy trustee becomes the real party in interest with authority to pursue the claim." *See Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (citing 11 U.S.C. § 541(a)); *accord Riggs v. Aetna Life Ins. Co.*, 188 F. App'x 659, 663 (10th Cir. 2006)

(unpublished)[1] (upholding district court's dismissal of an action because the bankruptcy trustee had already disposed of the plaintiff's claims). I concluded that in this case, however, Plaintiff remained the real party in interest with respect to her claim for injunctive relief. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1273 n.4 (11th Cir. 2004) (noting that the debtor would remain a plaintiff in the cause of action with respect to a claim for injunctive relief); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003) (determining that judicial estoppel did not bar a plaintiff from pursuing injunctive claims even though it barred pursuit of monetary claims);*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) (same); *EEOC v. Outback Steak House of Fla., Inc.*, 2008 WL 3992171, at *3 (D. Colo. Aug. 20, 2008) (unpublished) (citing *Barger*, 348 F.3d at 1297) (clarifying that the order granting the defendants' motion to dismiss because the bankruptcy trustee was the real party in interest only dismissed the monetary claims and did not dismiss the injunctive claims as the plaintiff/debtor remained the real party in interest for the injunctive claims). I further allowed additional time for the Trustee to intervene in the case.

Discussion

1.     Motion to Intervene

Pursuant to the January 28, 2009 Order, the Trustee has timely moved to intervene in this action (Docket No. 184). The Trustee also seeks to be substituted as a party for Plaintiff with respect to her claim for reinstatement. The Trustee argues that

---

[1] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

3

the Bankruptcy Court's November 26, 2008 conclusion of law that the lawsuit was the property of the bankruptcy estate included Plaintiff's claim for reinstatement and, therefore, he should be substituted as the real party in interest for that claim. Defendants agree with the Trustee. Plaintiff opposes only the Trustee's motion to be substituted as the real party in interest with respect to her reinstatement claim.

Magistrate Judge Hegarty recommends (Docket No. 188) that the Trustee be permitted to intervene with respect to the monetary claims as a matter of right pursuant to Fed. R. Civ. P. 24(a). I agree with Magistrate Judge Hegarty. Fed. R. Civ. P. 24(a) provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Furthermore, "to intervene as a matter of right, [the party moving to intervene] must demonstrate that [the plaintiff] cannot represent its interest adequately, and that the disposition of the action without [the would-be intervenor] will impair [the intervenor's] ability to protects its interest." *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (citing *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993)). In this case, the Trustee has exclusive standing to pursue the monetary claims in this case. *See* Order dated January 28, 2009 (Docket No. 181); *Sender v. Simon.*, 84 F.3d 1299, 1305 (10th Cir. 1996) (holding "causes of action belonging to the debtor at the commencement of the bankruptcy case" are part of the bankruptcy case). Therefore, as the litigation with respect to the monetary claims cannot proceed without the Trustee as a plaintiff, the Trustee's intervention is necessary

to protect its interests in the litigation.  Furthermore, the Trustee's interest in this litigation is "direct, substantial, and legally protectable."  *City of Stilwell*, 79 F.3d at 1042 ("To intervene as a matter of right, [the party moving to intervene] must show that it has an interest in the proceedings which is 'direct, substantial, and legally protectable.'" (quoting *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993))).

With respect to the Trustee's request for substitution in the reinstatement claim, Magistrate Judge Hegarty recommends denying the Trustee's motion.  Magistrate Judge Hegarty noted that I have already concluded that Plaintiff is a real party in interest with respect to the injunctive claims.  (*See* Docket No. 181.)  He further concluded that neither the Trustee nor the bankruptcy creditors have any interest in Plaintiff's claim for reinstatement.  I agree with Magistrate Judge Hegarty.  Although the Trustee objects to my previous ruling that Plaintiff remained a party in interest with respect any injunctive claims, I have already determined the issue and decline to reassess my previous ruling.

Furthermore, although the Trustee, in its objection, cites to case law that the Bankruptcy Court is the authority charged with determining what constitutes property of the estate, it has cited to no case demonstrating that injunctive claims for relief are the property of the bankruptcy estate.  Conversely, as cited and relied upon in my January 28, 2009 Order, there is authority indicating that injunctive claims for relief are not part of the bankruptcy estate.  *See Parker*, 365 F.3d at 1273 n.4 (noting that the debtor would remain a plaintiff in the cause of action with respect to a claim for injunctive relief); *Barger*, 348 F.3d at 1297 (determining that judicial estoppel did not bar a plaintiff from pursuing injunctive claims even though it barred pursuit of monetary claims);

5

*Burnes*, 291 F.3d at 1288 (same); *Outback Steak House*, 2008 WL 3992171, at *3 (citing *Barger*, 348 F.3d at 1297) (clarifying that the order granting the defendants' motion to dismiss because the bankruptcy trustee was the real party in interest only dismissed the monetary claims and did not dismiss the injunctive claims as the plaintiff/debtor remained the real party in interest for those claims).

Finally, I note that the Bankruptcy Court expressly declined to conclusively determine that Plaintiff's claim for reinstatement was a part of the bankruptcy estate. (*See* Bankruptcy Order dated July 21, 2009, Docket No. 196-3 at 1–3.)  The Bankruptcy Court noted that such an order would stand in direct contradiction to an Order by this Court. *Id.* at 2.  The court also noted that it had not been presented with the issue and had actually never "dissect[ed] the Debtor's district court lawsuit to determine if all of the claims are estate property." *Id.*  Given the foregoing, I conclude that Magistrate Judge Hegarty was correct that the Trustee's substitution as a party for Plaintiff with respect to the reinstatement claim is not appropriate.

2.      Motion to Dismiss

On August 5, 2009, the Trustee moved to dismiss all claims asserted by Plaintiff (Docket No. 196) pursuant to a settlement reached with Defendants.  Plaintiff opposes the motion because she retains authority over the reinstatement claim.  Under the settlement Defendants will pay $70,000 into the bankruptcy estate and waive all claims which they may have against the bankruptcy estate.  In exchange, the Trustee will dismiss all claims asserted by Plaintiff in this action.  The settlement also provides that "[i]f the Trustee is not successful in dismissing all claims for monetary damages in the Lawsuit, including costs and attorneys' fees, the Trustee shall return the Settlement

Payment to [Defendant] and this Agreement shall be void and of no force and effect." (Docket No. 196-2 ¶ 4.) The settlement agreement was approved by the Bankruptcy Court on July 21, 2009. (*See* Bankruptcy Order dated July 21, 2009, Docket No. 196-3).

With respect to the monetary claims for which I have determined that the Trustee's intervention is appropriate, I conclude dismissal under Fed. R. Civ. P. 41(a)(2) is appropriate.[2] Fed. R. Civ. P. 41(a)(2) provides for dismissal by court order "on terms that the court considers proper." Given the signed settlement agreement between the Trustee and Defendants and the fact that Plaintiff can assert no legal interest in those claims, I conclude that dismissal under Rule 41(a)(2) for all the monetary claims is appropriate as no party will suffer legal prejudice due to this dismissal. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). ("Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal.").

However, as I have concluded that the Trustee shall not be substituted for Plaintiff as the real party in interest with respect to the reinstatement claim, the Trustee is unable to voluntarily dismiss this claim. Therefore, the dismissal that the Trustee seeks can only be granted in part. Some circuits have determined that a plaintiff should be given the option to "withdraw their motion to dismiss rather than accept the conditions" placed on the dismissal by the court. *Elbaor v. Tripath Imaginig, Inc.*, 279

---

[2] Although the Trustee and Defendants have entered into a signed settlement agreement, dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii), which permits dismissal without a court order when there has been a stipulation signed by all parties who have appeared, is not appropriate as Plaintiff has not signed the settlement agreement even though she has appeared in the case.

7

F.3d 314, 320 (5th Cir. 2002) (citing *Mortgage Guar. Ins. Corp. v. The Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990)); *accord Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (holding that a "plaintiff [has] the option to refuse the voluntary dismissal if the conditions imposed are too onerous"); *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988) ("Once the amount of the [attorneys'] fee is set (if it is set at all), appellee will be free to accept the condition or, in the alternative, to reject it and proceed with the case in this jurisdiction." (citing *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C. Cir. 1981)); *GAF Corp.*, 665 F.2d at 367–68 ("[A] plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits."); *see also United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425–26 (6th Cir. 1996) (holding that to dismiss an action with prejudice when the plaintiff has moved to dismiss without prejudice the court must give the plaintiff notice, allow the plaintiff an opportunity to respond, and provide the plaintiff with "an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation"); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994) ("[A]ccording to the 'terms and conditions' clause of Rule 41(a)(2), a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice."). Although the Tenth Circuit has not expressly determined that a plaintiff must be given an opportunity to withdraw a motion for voluntary dismissal if the court imposes conditions on the dismissal, it has indicated its agreement with the framework articulated by other circuits regarding a court dismissing a complaint with

prejudice after the plaintiff has moved to dismiss without prejudice. *See Rockwell Int'l*, 282 F.3d 787, 810 (10th Cir. 2002) ("We are impressed by these factors and opinions, with which we do not disagree." (citing *266 Tonawanda Trail*, 95 F.3d at 425-26)).

In this case, due to my ruling on the Trustee's motion for substitution, I cannot dismiss all of Plaintiff's claims pursuant to the Trustee's motion to dismiss. Although the settlement agreement only contemplates voiding the agreement if the Trustee is unable to dismiss "all claims for monetary damages", I conclude that dismissal of only the monetary claims is sufficiently different from the Trustee's motion to dismiss all the claims that an opportunity to withdraw the motion to dismiss is warranted. Therefore, the Trustee shall be provided with the opportunity to withdraw its motion for voluntary dismissal and continue with the litigation if it deems the dismissal of only the monetary claims unacceptable under the settlement agreement.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 188), filed December 17, 2008, is accepted

2. The Bankruptcy Trustee's Motion to Intervene (Docket No. 184) is granted in part with respect to intervening for the monetary claims and denied in part with respect to substitution as the real party in interest for the reinstatement claim.

3. The Bankruptcy Trustee shall be permitted to intervene in this case as the real party in interest with respect to all claims except the reinstatement claim. Plaintiff remains the real party in interest with respect to the reinstatement claim.

4. The Bankruptcy Trustee's Motion to Dismiss (Docket No. 196) is granted in part and denied in part.

5.	The Bankruptcy Trustee shall have until September 18, 2009, to withdraw its motion to voluntarily dismiss should it find the conditions of this Order too onerous. If the Bankruptcy Trustee does not file a withdrawal by that date, the case shall be dismissed with prejudice as to all claims, with the exception of the reinstatement claim as articulated in this Order.

DATED at Denver, Colorado, on August 26, 2009.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge