IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  04-cv-00258-WDM-MEH

GAIL J. WILKERSON and
HIGHLANDS DESIGN GROUP, INC.,

     Plaintiffs,

v.

SCHIRMER ENGINEERING CORPORATION, a Delaware Corporation, and
AON CORPORATION, a Delaware Corporation,

     Defendants.

## ORDER OF DISMISSAL

Miller, J.

By way of brief background, Plaintiff Gail J. Wilkerson ("Plaintiff") filed a discrimination action against Defendants, and during the pendency of the action, Plaintiff filed for Chapter 7 bankruptcy protection.  Accordingly, on March 15, 2007, I administratively closed the action, subject to reopening for good cause.  (*See* Docket. No. 160.)  On January 20, 2009, Plaintiff moved to reopen the action, arguing that although the Bankruptcy Trustee ("Trustee") was the real party in interest with respect to the monetary claims, she remained a party in interest with respect to the reinstatement claim.  (Docket No. 179.)  On January 28, 2009, I issued an order permitting Plaintiff to reopen the case, concluding that she remained the real party in interest for her claim for reinstatement. (Docket No. 181.)  On February 24, 2009, Trustee filed a Motion to Intervene (Docket No. 184) and Magistrate Judge Michael E. Hegarty issued a recommendation regarding that

motion (Docket No. 188) to which Trustee and Defendants timely objected (Docket Nos. 189, 190, 191).  Finally, on August 5, 2009, Trustee filed a Motion to Dismiss, seeking to dismiss all claims asserted by Plaintiff pursuant to a settlement agreement Trustee reached with Defendants.  (Docket No. 196.)  Notably, as a part of the settlement between Trustee and Defendants, Defendants agreed to pay $70,000 into the bankruptcy estate and waive all claims they might have had against the bankruptcy estate, and Trustee agreed to dismiss all claims asserted by Plaintiff in this action.  However, the settlement provided that "[i]f the Trustee is not successful in dismissing all claims for monetary damages in the Lawsuit, including costs and attorneys' fees, the Trustee shall return the Settlement Payment to [Defendant] and this Agreement shall be void and of no force and effect."  (Docket No. 196-2 ¶ 4.)

On August 26, 2009, I issued an order regarding Trustee's and Defendants' objections to Magistrate Judge Hegarty's recommendations, as well as Trustee's Motion to Dismiss.  (Docket No. 198.)  In that order, I accepted Magistrate Judge Hegarty's recommendations and ruled: (1) Trustee's Motion to Intervene be granted in part with respect to intervening for the monetary claims, as I permitted Trustee to be substituted as a party for Plaintiff's monetary claims; (2) Trustee's Motion to Intervene be denied in part with respect to intervening for the reinstatement claim, as I determined that Plaintiff remained the real party in interest for the reinstatement claim; (3) Trustee's Motion to Dismiss be granted with respect to the monetary claims for which Trustee's intervention was appropriate; and (4) Trustee's Motion to Dismiss be denied with respect to the reinstatement claim, because Plaintiff was the real party in interest with respect to that claim and Trustee was therefore unable to voluntarily dismiss the claim.  Finally, due to the

2

nature of the settlement between Trustee and Defendants and my partial grant and partial denial of Trustee's Motion to Dismiss, I afforded Trustee the opportunity to withdraw its Motion to Dismiss and continue with the litigation if it deemed the dismissal of only the monetary claims, but not the reinstatement claim, was unacceptable under the settlement agreement. Specifically, I stated in my order that "[T]rustee shall have until September 18, 2009, to withdraw its motion to voluntarily dismiss should it find the conditions of this Order too onerous. If the [Trustee] does not file a withdrawal by that date, the case shall be dismissed with prejudice as to all claims, with the exception of the reinstatement claim as articulated in this Order." (Docket. No. 198 at 10.)

September 18, 2009 has now come and passed and Trustee has not filed a withdrawal of its Motion to Dismiss, presumably because he did not find dismissal of only the monetary claims to be unacceptable under the settlement agreement. Regardless of the reason, no withdrawal was filed by the September 18, 2009 deadline.

Accordingly, it is ordered that this case be dismissed with prejudice as to all claims, with the exception of the reinstatement claim for which Plaintiff Gail J. Wilkerson remains the real party in interest.

DATED at Denver, Colorado, on September 28, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge